SEYFARTH SHAW LLP
Laura J. Maechtlen (SBN 224923)
lmaechtlen@seyfarth.com
Peter D. Urias (SBN 255306)
purias@seyfarth.com
Michael A. Wahlander (SBN 260781)
mwahlander@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Plaintiff
UNITED HEALTHCARE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED HEALTHCARE SERVICES, INC., a Minnesota Corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>JULIE MEYER,<br><br>              Defendant. | Case No.  12 6197 CW<br><br>**NOTICE OF MOTION AND MOTION FOR ALTERNATE SERVICE AND TO EXTEND THE DEADLINE TO COMPLETE SERVICE BY PLAINTIFF UNITED HEALTHCARE SERVICES, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         April 11, 2013<br>Time:         2:00 pm<br>Courtroom: 2, 4th Floor<br>Judge:        Hon. Claudia Wilken |

**TO DEFENDANT IN PRO SE:**

**PLEASE TAKE NOTICE** that on April 11, 2013 at 2:00 PM, or as soon thereafter as the matter may be heard, in Courtroom 2 in the above-entitled Court located at 1301 Clay Street, Oakland, CA 94612, Plaintiff United Healthcare Services, Inc. ("UHS") will, pursuant to Federal Rule of Civil of Procedure 4(e)(1) and California Code of Civil Procedure § 413.30, move this Court for an order allowing UHS to serve Defendant Julie Meyer by e-mail.  In addition, pursuant to Federal Rule of Civil Procedure 4(m), UHS will move this Court for an order

extending the 120-day deadline to effectuate service of process.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of J. Alan Constant, the Declaration of Peter D. Urias, all pleadings on file currently herein, and any such other and further oral and documentary evidence that may be presented at or prior to the hearing on this motion.

DATED:  March 1, 2013                     Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/  Peter D. Urias
    Laura J. Maechtlen
    Peter D. Urias
    Michael A. Wahlander
Attorneys for Plaintiff
UNITED HEALTHCARE SERVICES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff United Healthcare Services, Inc. ("UHS") filed a complaint for speedy declaratory relief ("Complaint") against Julie Meyer ("Meyer"), a former UHS employee. Despite diligent efforts, UHS has not been able to effectuate service on Meyer. Meyer has knowledge of the Complaint and is very comfortable communicating via e-mail. Indeed, Meyer has communicated with counsel for UHS via email regarding a wide range of legal claims and issues, many of which are the subject of the instant Complaint. UHS has contacted Meyer and offered to coordinate service of process, but she has refused. Further, UHS has attempted to serve Meyer via Notice and Acknowledgment of Receipt of Summons pursuant to California Civil Code § 415.30, but Meyer has failed to respond. Thus, Meyer has evaded service and refused to accept service through alternative means. Meyer's conduct has forced UHS to expend resources hiring a process server and a private investigator, but UHS still has been unsuccessful in effectuating service of process.

UHS seeks this Court's assistance. Pursuant to Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 413.30, UHS moves this Court for an order allowing UHS to serve Meyer via e-mail at the e-mail address: justice_for_julie@yahoo.com. In addition, pursuant to Federal Rule of Civil Procedure 4(m), UHS requests that the Court extend the 120-day deadline to serve Meyer with the Complaint. Since serving Meyer via e-mail is reasonably calculated to give Meyer actual notice of this lawsuit and good cause supports extending the service deadline, the Court should grant UHS's motion.

## II. BACKGROUND

### A. UHS FILED THE COMPLAINT AGAINST MEYER

On December 6, 2012, UHS filed its Complaint for declaratory relief against Meyer, a former UHS employee. (Docket No. 1.) UHS seeks a declaratory judgment that Meyer must submit all disputes related to her employment with UHS to binding arbitration. (*Id.*) Renton disputes that she must submit such claims to arbitration. (*Id.*)

### B. UHS REPEATEDLY AND UNSUCCESSFULLY ATTEMPTED TO SERVE MEYER

#### 1. UHS Retained a Process Server to Attempt Personal Service

Shortly after filing the Complaint, UHS retained a process server to serve Renton with the Complaint. (Declaration of J. Alan Constant (Constant Dec.) at ¶¶ 2-3.) On December 7, 2012 at 8:45 PM, the process server attempted to serve Meyer at 5100-B1 Clayton Rd. #325, Concord, California 94521, which is the address she listed on her communications and pleadings with UHS in other proceedings. However, this is the address of a UPS Store. (*Id.* at ¶ 5).

Based on public records and information obtained through UHS's investigation regarding Meyer's whereabouts, UHS located Meyer's actual residence at 1934 Galway Dr., in Pittsburg, California 94565 ("Pittsburg Residence"). The process server made <u>four attempts</u> to serve Meyer at the Pittsburg residence but unfortunately, as described below, none of those attempts were successful.

On December 10, 2012 at 4:20 PM, the process server attempted to serve Meyer at her Pittsburg Residence. (Constant Dec. at ¶ 6.) No one answered the door. (*Id.*) However, the process server confirmed with neighbors that Julie Meyer resides at the Pittsburg Residence. (*Id.*)

On December 11, 2012 at 6:00 PM, the process server returned to the Pittsburg Residence and attempted to serve Meyer again. (Constant Dec. at ¶ 7.) Again, no one answered the door, and the house was dark. (*Id.*) The process server observed that there appeared to be black film on the windows preventing visitors from seeing into the residence. (*Id.*)

On December 12, 2012 at 8:15 PM, the process server again attempted to serve Meyer at her Pittsburg Residence. (Constant Dec. at ¶ 8.) Again, there was no answer at the door, and the house appeared dark. (*Id.*)

On December 13, 2012 at 9:30 AM, the process server again attempted to serve Meyer at her Pittsburg Residence. Again, no one answered the door. The process server spoke with another neighbor who indicated that Meyer is usually at home, but that she never answers the door.

### 2. Meyer's Knowledge of UHS'S Complaint, and Her Refusal to Coordinate Service.

On December 14, 2013, Meyer sent an e-mail to UHS from her e-mail address justice_for_julie@yahoo.com, entitled "We are going to Federal Court!" (Urias Dec., Ex. T). Meyer stated that she and "Diane Renton, RN" were planning to file "a comprehensive, joint petition for an injunction against your clients, you, your associates and your law firm barring each of you from proceeding with any arbitration cases involving either of us…" (*Id*.)  This e-mail appears to be in response to Meyer's discover of UHS's Complaint.  Indeed,  Ms. Renton had contacted UHS two days earlier, referring to Meyer as "my legal assistant, Ms. Julie Meyer," and indicating that Meyer had gone to the federal courthouse and viewed UHS's Complaint.  (*Id*. at Ex. R).

UHS responded to Meyer's December 14, 2012, e-mail, and confirmed that UHS had filed a Complaint for Declaratory Relief.  UHS sought to clarify whether Meyer had reviewed the Complaint, and explained that the Complaint "asks for the court to resolve the same question that I believe your contemplated federal action [] seeks to answer – whether your and/or Ms. Renton's non-administrative employment claims should be heard in arbitration." (Urias Dec., Ex. U)   After explaining the nature of the Complaint, UHS offered to stipulate to service of Meyer's anticipated federal lawsuit, and offered to coordinate service of UHS's Complaint upon Meyer.  (*Id*.)    However, Meyer failed to respond.  (*Id*. at ¶ 25).

### 3. UHS Unsuccessfully Attempted Service by Notice of Acknowledgment and Receipt of Summons.

On January 4, 2013, UHS attempted to serve Meyer with the summons and Complaint by U.S. Mail and sent a Notice and Acknowledgment of Receipt of Summons pursuant to California Civil Code § 415.30.   (*Id*. at ¶ 26).  UHS also informed Meyer that it mailed her a copy of the Complaint on that same day.  (*Id*. at Ex. V).  As of today, Meyer has not signed and returned the Notice of Acknowledgment of Receipt of Summons.  (*Id*. at ¶ 26).

### 4. Meyer's Attorney Did Not Agree to Accept Service.

Meyer retained an attorney to represent her on some of her claims arising out of her employment with UHS. UHS reached out repeatedly to Meyer's attorney to confirm the scope of representation, and to determine whether her attorney would accept service of the Complaint in this matter. (*Id*. at ¶ 27). Counsel for UHS also spoke with Meyer's attorney spoke on the phone in mid-January 2013. (*Id*.) Meyer's attorney did not agree to accept service of the Complaint. (*Id*.)

### 5. UHS's Private Investigator Could Not Locate and Serve Renton.

Growing less optimistic that Meyer would accept service, and given the inability of our process server to serve her personally, UHS hired a private investigator to locate and serve Meyer. (*Id*. at ¶ 28.)[1] From January 8, 2013 through January 25, 2013, UHS's investigator attempted to locate and serve Meyer. (*Id*.) UHS's private investigator was not able to effectuate service. (*Id*.)

### C. MEYER COMMONLY USES E-MAIL TO COMMUNICATE WITH COUNSEL FOR UHS REGARDING LEGAL PROCEEDINGS

Meyer has repeatedly corresponded with UHS via her e-mail address, justice_for_julie@yahoo.com, regarding her various claims against UHS arising out of her employment. (*Id*. at ¶¶ 2-3, Exs. A-T). Indeed, Meyer has sent counsel for UHS over thirty-five (35) e-mails from her justice_for_julie@yahoo.com e-mail address. (*Id*.) Meyer has demonstrated that she is comfortable communicating with counsel via e-mail, and she has used e-mail to (1) convey her position on legal questions, (2) send meet and confer communications regarding discovery and the exchange of information, (3) engage in settlement negotiations, and (4) send pleadings and/or other legal documents to counsel for UHS. (*Id.*) A brief summary of Meyer's e-mail activity with counsel for UHS is set forth below:

- **October 27, 2012:** Meyer sent an extensive meet and confer e-mail to counsel for UHS, regarding service of process and whether counsel represents UHS's corporate parents and affliates (*Id*. at Ex. A);

---

[1] To preserve the work-product privilege, UHS has not provided specific details of the private investigator's work. Should the Court wish more detail, UHS is willing to provide additional information to the Court to review *in camera*.

- **October 27, 2012:** Meyer e-mailed counsel for UHS regarding Meyer's attendance of court proceedings, and the facts of a prior litigation between UHS and another former employee (*Id*. at Ex. B);
- **October 28, 2012:** Meyer sent an e-mail to counsel for UHS, entitled "Stipulation Agreement," regarding her alleged possession of UHS property and information (*Id*. at Ex. C);
- **October 29, 2012:** Meyer sent an e-mail to counsel for UHS, attaching documents that she intended to file with the California Division of Fair Labor Standards and Enforcement ("DLSE") (*Id*. at Ex. D);
- **October 29, 2012:** Meyer sent an e-mail to counsel for UHS regarding the terms of her Telecommuter Agreement during her employment at UHS ((*Id*. at Ex. E);
- **October 29, 2012:** Meyer sent an e-mail to counsel for UHS, including a demand that UHS pay Meyer for her legal fees incurred in connection with her alleged possession of UHS property and information (*Id*. at Ex. F);
- **October 29, 2012:** Meyer sent an e-mail to counsel for UHS, responding to UHS's offer to settle a portion of Meyer's wage claims (*Id*. at Ex. G);
- **October 30, 2012:** Meyer sent an e-mail to counsel for UHS, stating that she had filed a Petition in Alameda County Superior Court, seeking production of her personnel file (*Id*. at Ex. H);
- **November 12, 2012:** Meyer sent an e-mail to counsel for UHS, seeking to meet and confer regarding the retrieval of UHS property and information allegedly in her possession (*Id*. at Ex. I);
- **November 12, 2012:** Meyer sent an e-mail to counsel for UHS, responding to UHS's demand that Meyer submit her claims to arbitration (*Id*. at Ex. J);
- **November 13, 2012:** Meyer sent an e-mail to counsel for UHS regarding UHS's production of Meyer's personnel file, and stating "I am satisfied with what was produced simply because it provides ample evidence for me to move forward with a case against your clients for my wrongful termination" (*Id*. at Ex. K);
- **November 13, 2012:** Meyer sent an e-mail to counsel for UHS, attaching an administrative charge that she filed with the DLSE (*Id*. at Ex. L);
- **November 20, 2012:** Meyer sent at least seven e-mails to counsel for UHS, regarding, *inter alia*, UHS's arbitration demand, her wage claims, and her request for documents regarding her employment with UHS (*Id*. at Ex. M);
- **November 21, 2012:** Meyer sent at least three e-mails to counsel for UHS, regarding her request for reimbursement of business expenses, her request indemnification, and her threatened litigation regarding UHS's business practices. (*Id*. at Ex. N)

On December 9, 2012, UHS e-mailed Meyer to confirm that she was continuing to receive UHS's e-mails. (Urias Dec., Ex. O). Meyer responded that "I get everything that you send to me." (*Id*.). Indeed, later that day Meyer sent another e-mail to counsel for UHS, attaching a detailed letter regarding UHS's demand that Meyer submit her claims to arbitration.

5
MEMORANDUM OF POINTS AND AUTHORITIES - CASE NO. C 12 6197 CW

1  (*Id*. at Ex. P).  Meyer has also indicated that she prefers e-mail over phone communication, and
2  she instructed counsel for UHS not to contact her via telephone.  (*Id*. at Ex. Q).  Finally, Meyer
3  has continued to use e-mail to send harassing communications to counsel.  (*Id*. at Ex. S).

4        **D.**      **MEYER'S CONDUCT FORCED UHS TO FILE THIS MOTION**

5        Left with little choice, Meyer's evasive conduct has forced UHS to seek the assistance of
6  the Court.  Accordingly, since service by e-mail is reasonably calculated to provide Meyer with
7  actual notice of this lawsuit and UHS has made diligent efforts to serve Meyer through
8  alternative means, UHS moves this Court for an order allowing it to serve Meyer with the
9  Complaint by e-mail.  In addition, since Meyer's evasive conduct has prevented UHS from
10 serving her with the Complaint within the 120-day time period required under the Federal Rules
11 of Civil Procedure, UHS requests that the Court extend the service deadline to allow UHS to
12 serve Renton with the Complaint by e-mail.

13 **III.**    **ARGUMENT**

14       **A.**      **ALLOWING UHS TO SERVE MEYER BY E-MAIL IS BOTH PERMISSIBLE AND APPROPRIATE IN THIS CASE**
15

16       **1.**      **The Federal Rules of Civil Procedure Permit Service by E-Mail.**

17       Federal Rule of Civil Procedure 4(e)(1) allows service in any manner authorized by state
18 law in the state where the district court sits.  Fed. R. Civ. P. 4(e)(1).  Under California law,
19 "[w]here no provision is made . . . for the service of summons, the court in which the action is
20 pending may direct that the summons be served in a manner which is reasonably calculated to
21 give actual notice to the party to be served and that proof of such service be made as prescribed
22 by the court."  Cal. Code. Civ. Proc. § 413.30.  Several courts in the Northern District have
23 followed Section 413.30 and determined that the Federal Rules of Civil Procedure permit service
24 of process by e-mail while looking to California law.  *See, Facebook, Inc. v. Banana Ads, LLC*,
25 2012 WL 1038752, *3 (N.D. Cal. 2012); *Aevoe Corp. v. Pace*, 2011 WL 3904133, *1-2 (N.D.
26 Cal. 2011).
27       Here, under Rule 4(e)(1), because this Court sits in California, it must look to California
28 law to determine authorized methods of service.  California law permits any method of service

that is reasonably calculated to give actual notice to the defendant. Both the *Facebook* and *Pace* courts determined that California law allows service by e-mail. Therefore, this Court has the authority to allow UHS to serve Meyer by e-mail. As discussed below, it should grant UHS's motion because service by e-mail will give Meyer actual notice of the action.

### 2. Serving Renton by E-Mail is Reasonably Calculated to Give Meyer Actual Notice of the Lawsuit.

Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Likewise, as discussed above, alternative methods of service under California law must be "reasonably calculated to give actual notice to the party served." Cal. Code Civ. Proc. § 413.30. Under this framework, several courts in the Northern District have approved of service via e-mail after diligent efforts have been made to serve the party using conventional methods. *See, Facebook, Inc.*, 2012 WL 1038752, *3; *Pace*, 2011 WL 3904133, *1-3.

For example, in *Facebook*, 2012 WL1038753, at *1-3, Facebook made several attempts to serve various defendants at known physical addresses and tried to contact them by postal mail and phone. *Id*. However, Facebook was not able to serve the defendants. *Id*. But the defendants did rely on e-mail as a means of communication. *Id*. at *3. Given this situation, Facebook filed a motion to allow service by e-mail. *Id*. at *1. Judge Gonzalez Rodgers of this Court granted Facebook's motion reasoning that service by e-mail would be the best method of providing actual notice to the defendants under these circumstances. *Id*. at *3.

Similarly, in *Pace*, 2011 WL 3904133, at *1, the plaintiff, Aevoe, made several attempts to serve the defendant Stanley Pace. Aevoe tried to serve Pace personally at several locations. *Id*. at *2. It also tried to serve the complaint by certified mail. *Id*. Aveoe even hired a private investigator to find Pace. *Id*. Notably, Aevoe communicated with Pace by e-mail and event sent the complaint to him by e-mail. *Id*. at *1. Aevoe filed a motion requesting permission to serve Pace by e-mail and by publication. *Id*. The Court granted Aevoe's motion finding that it had exercised reasonable diligence and that service by e-mail and publication were appropriate under

the circumstances. *Id*. at *2.

Here, service by e-mail is reasonably calculated to give Renton actual notice of the declaratory relief action. As an initial matter, Meyer is very comfortable communicating by e-mail. In fact, Meyer has sent counsel for UHS over 35 e-mails over the past few months. Meyer chose to communicate with UHS almost exclusively via e-mail regarding various legal proceedings, including (1) her claims before the DLSE, (2) her request for attorneys' fees in connection with her possession of UHS property, (3) her Petition for Inspection, and (4) UHS's demand for arbitration. Accordingly, service by e-mail would not only give Meyer actual notice of the lawsuit, she likely already has actual knowledge of it - as evidenced through her e-mails to counsel for UHS on the matter. Therefore, service by e-mail satisfies both constitutional due process requirements and California law.

Moreover, UHS has made diligent efforts to serve Meyer with the Complaint. None of those efforts were successful, and it appears that Meyer is evading service. Accordingly, despite diligent and reasonable efforts, UHS has not been able to effectuate service. Therefore, as in *Facebook* and *Pace*, the Court should grant UHS's motion and allow UHS to serve Renton with the Complaint in this action by e-mail.

**3.     Allowing Service by E-Mail Promotes the Policy Behind Rule 4.**

It has long been true that the goal of Rule 4 is to provide maximum freedom and flexibility in the procedures for giving all defendants notice of the commencement of the action and to eliminate unnecessary technicality in connection with service of process. *Elec. Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992).

Here, as discussed above, Meyer already has actual knowledge of the lawsuit, but she continues to evade conventional methods of service. At this point, the only obstacle preventing this case from proceeding is complying with the technicality of service of process. Allowing UHS to serve Meyer by e-mail will once again provide her with actual notice of the lawsuit and eliminate an unnecessary technical barrier to the progress of this case caused solely by Meyer's intentionally evasive conduct. Therefore, the Court should grant UHS's motion.

### B.     GOOD CAUSE EXISTS TO EXTEND UHS'S DEADLINE TO SERVE THE COMPLAINT ON RENTON

Although a plaintiff must serve the defendant with the Complaint within 120-days, the Court must extend the deadline for service for an appropriate period upon a showing of good cause by the plaintiff.  Fed. R. Civ. Proc. 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).   But the Court may also grant an extension of time for service even in the absence of a showing of good cause.  *Id*. (citing *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n. 2 (9th Cir. 2003).  District courts have broad discretion to extend the time for service.  *Id*. at 1041 (citing *Henderson v. United States*, 517 U.S. 654, 661 (1996).)  When considering whether to extend the time for service, a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.  *Efaw*, 473 F.3d at 1041.

UHS's deadline to serve Meyer is April 6, 2013.  But good cause exists to extend UHS's deadline to serve Meyer.  Indeed, as discussed above, the delay in effectuating service has been caused entirely by Meyer's own evasive conduct and outright refusal to accept service - despite her actual knowledge of the lawsuit.  Furthermore, in this motion, UHS has asked the Court to allow service of the Complaint by e-mail.  With the current deadline to serve Meyer, insufficient time exists for the Court to rule on UHS's motion and for UHS to complete service on Meyer.  Meyer will suffer no prejudice by extending the deadline to serve her because the events leading to this action were recent.  Moreover, she has actual notice of the lawsuit.  In the event that the Court grant's UHS's motion, UHS can complete service by e-mail quickly.  Accordingly, UHS requests that the Court extend the deadline to complete service on Meyer.

### IV.    CONCLUSION

No justification exists for Meyer's evasion of service.  UHS has diligently attempted to serve Meyer through conventional means, but Meyer's evasion and refusal to accept service have prevented UHS from effectuating service of process.  Moreover, Meyer is demonstrably comfortable communicating via e-mail, and she has frequently communicated with counsel for UHS regarding a variety of legal issues and proceedings.   Accordingly, under these circumstances, service by e-mail is appropriate.  Moreover, Meyer's evasive conduct has delayed

1  UHS's ability to serve her before the 120-day service deadline.  This, to allow this Court to rule
2  on UHS's motion and serve her by e-mail, good cause exists to extend the 120-day service
3  deadline.  Therefore, the Court should grant UHS's motion in full by allowing it to serve Meyer
4  at the e-mail address justice_for_julie@yahoo.com and extending the deadline to effectuate
5  service.

6  DATED:  March 1, 2013                    Respectfully submitted,

7                                            SEYFARTH SHAW LLP

9                                            By:    /s/  Peter D. Urias
                                                  Laura J. Maechtlen
10                                                 Peter D. Urias
                                                  Michael A. Wahlander
11                                            Attorneys for Plaintiff
                                             UNITED HEALTHCARE SERVICES, INC.

13  15336909v.1