1
2
3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

4  UNITED HEALTH SERVICES, INC.,          No. C 12-6197 CW

5        Plaintiff,                       ORDER GRANTING IN
                                          PART AND DENYING
6     v.                                  IN PART
                                          PLAINTIFF'S MOTION
7  JULIE MEYER,                           FOR ALTERNATE
                                          SERVICE AND TO
8        Defendant.                       EXTEND TIME FOR
                                          SERVICE (Docket
9  _____/      No. 4)

10       Plaintiff United Health Services, Inc. seeks permission to

11  serve Defendant Julie Meyer by email.  Plaintiff also moves for an

12  extension of the deadline by which it is required to effectuate

13  service.  The Court takes the motion under submission on the

14  papers and vacates the April 11, 2013 motion hearing.  Having

15  considered the papers filed by Plaintiff, the Court GRANTS its

16  request for alternative service and DENIES without prejudice its

17  request to extend time for service.

18       Federal Rule of Civil Procedure 4(e)(1) provides that an

19  individual within a judicial district of the United States may be

20  served by "following state law for serving a summons in an action

21  brought in courts of general jurisdiction in the state where the

22  district court is located or where service is made."  "The goal of

23  Rule 4 is to provide maximum freedom and flexibility in the

24  procedures for giving all defendants . . . notice of commencement

25  of the action and to eliminate unnecessary technicality in

26  connection with the service of process."  Kohler Co. v. Domainjet,

27  Inc., 2012 WL 716883, at *1 (S.D. Cal.) (quoting Elec. Specialty

28  Co. v. Road & Ranch Supply, Inc., 967 F.2d 309, 314 (9th Cir.

**United States District Court**
For the Northern District of California

1992)) (internal quotation marks omitted). "Due Process requires that any service of notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Aevoe Corp. v. Pace, 2011 WL 3904133, at *1 (N.D. Cal.) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

California Code of Civil Procedure section 413.30 provides, "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Courts within this district and others in California have authorized service by email under this provision. See, e.g., Facebook, Inc. v. Banana Ads, LLC, 2012 WL 1038752 (N.D. Cal.); Kohler Co., 2012 WL 716883, at *1-3; Aevoe Corp., 2011 WL 3904133, at *1-2.

Plaintiff has offered evidence that it has made numerous attempts to serve Defendant in another manner with reasonable diligence. Plaintiff's process server has attested that he attempted to serve Defendant at the address that she provided to Plaintiff and used in other legal proceedings, but found that this address was for a UPS Store. Constant Decl. ¶ 5. The process server also attempted to serve Defendant at her home address on at least three different days and times. Id. at ¶¶ 6-8. Plaintiff also retained a private investigator to locate and serve Defendant, but he was unable to do so. Urias Decl. ¶ 28. On

January 4, 2013, Plaintiff also mailed Defendant a copy of the summons and complaint with a Notice of Acknowledgment of Receipt for her to return, but Defendant has not done so.  Id. at ¶ 26.[1] Plaintiff also emailed Defendant on multiple occasions informing her of the pendency of this action and offering to coordinate service of the complaint with her.  Id. at ¶¶ 25, 26 & Exs. U, V.

The Court finds that, in this case, service by email to Defendant's justice_for_julie@yahoo.com email address is reasonably calculated to provide her with actual notice of this action.  Plaintiff has submitted evidence that Defendant has sent it more than thirty-five emails from that email address, including communications regarding the transmission of legal documents, settlement negotiations and her positions on legal issues, including those at issue in the instant case.  Id. at ¶ 2.  For example, on November 12, 2012 and November 20, 2012, Defendant emailed Plaintiff regarding its arbitration demand.  Id. at ¶¶ 14, 17 & Exs. J, M.  In addition, on December 10, 2012, Defendant confirmed with Plaintiff that she "get[s] everything that you send to me" by email.  Id. at ¶ 19, Ex. O.

Accordingly, the Court GRANTS Plaintiff's motion to serve Defendant by email.  Plaintiff shall serve Defendant with the summons, complaint and a copy of this Order at her justice_for_julie@yahoo.com email address and shall file proof of service indicating the date, time and manner of service, including

_____

[1] Plaintiff does not provide evidence of whether it sent the summons and complaint to Defendant's residence at 1934 Galway Drive, Pittsburg, California 94565 or to her mailing address at 5100-B1 Clayton Road #325, Concord, California 94521.

United States District Court
For the Northern District of California

whether any notice that the email was not transmitted successfully was received.

The Court notes that, in Aevoe, the court ordered both service by email and by publication "out of an abundance of caution." 2011 WL 3904133, at *2. In this instance, because of the substantial evidence that Defendant regularly uses and checks the justice_for_julie@yahoo.com email address, the Court declines to require Plaintiff to serve Defendant by publication as well. See Watts v. Crawford, 10 Cal. 4th 743, 749 n.5 (1995) ("it is generally recognized that service by publication rarely results in actual notice"). However, under the circumstances of this case, the Court finds it appropriate to require Plaintiff to mail a copy of the summons, complaint and this Order to both the Pittsburg and Concord addresses for Defendant and to provide a copy of these documents to Michael Cohen of Cohen & McKeon LLP, who Plaintiff states has indicated that he is representing Defendant in some, but not all, of her claims arising out of her former employment with Plaintiff. Plaintiff shall take these steps by the same date that it serves Defendant by email and shall file with the Court proof that it has done so.

Because the instant complaint was filed on December 6, 2012, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff is required to serve Defendant by April 5, 2013. Plaintiff acknowledges that, if the Court grants its request for service by email, it "can complete service by email quickly." Mot. at 9. Because the Court has vacated the April 11, 2013 hearing date and granted the motion for service by email as of today's date, it appears that Plaintiff can complete service by April 5, 2013.

United States District Court
For the Northern District of California

Accordingly, the Court DENIES Plaintiff's request to extend time for service.  Denial is without prejudice to Plaintiff renewing its request if it is able to show good cause for failing to serve Defendant by April 5, 2013.  By April 8, 2013, Plaintiff shall file proof of service upon Defendant, as set forth above, or a motion for an extension of time to serve Defendant.

IT IS SO ORDERED.

Dated:  3/6/2013

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

5