1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED HEALTHCARE SERVICES, INC.,          No. C 12-6197 JSW

12                    Plaintiff,                **ORDER DENYING MOTION TO**
                                                **VACATE VOLUNTARY DISMISSAL**
13        v.                                    **AND MOTION FOR REVIEW OF**
                                                **CLERK'S TAXATION OF COSTS**
14   JULIE MEYER,

15                    Defendant.

16   _____/

17

18          Now before the Court are the motions to vacate dismissal and review the Clerk's taxation of

19   costs filed by Defendant Julie Meyer.  The Court has considered the parties' papers, relevant legal

20   authority, and the record in this case, and concludes that the matter is suitable for disposition without

21   oral argument.  Accordingly, the hearing set for October 11, 2013 is HEREBY VACATED.  For the

22   reasons set forth in the remainder of this Order, Defendant's motion to vacate dismissal and

23   Defendant's motion to review the Clerk's taxation of costs are HEREBY DENIED.

24                                      **BACKGROUND**

25          Defendant Julie Meyer ("Ms. Meyer") was employed by Plaintiff United Healthcare

26   Services, Inc. ("UHS") from 2006 until 2011.  (Complaint for Speedy Declaratory Relief ("Compl.")

27   ¶¶ 11, 14.)  While employed by UHS, Ms. Meyer allegedly agreed to arbitrate disputes arising out of

28   her employment.  (*Id.* ¶ 13.)  Following the termination of her employment, Ms. Meyer initiated six

**United States District Court**
For the Northern District of California

1    proceedings against UHS: four administrative complaints, and two actions in state superior court.

2    (*Id.* ¶ 2.)  On December 6, 2012, UHS filed a complaint in this Court, seeking a declaratory

3    judgment requiring Ms. Meyer to arbitrate disputes related to her employment.  (*Id.* ¶ 40.)  On April

4    17, 2013, Ms. Meyer filed an answer, but failed to properly serve UHS.  (*See* Notice of Dismissal at

5    2.)  On May 31, 2013, Ms. Meyer filed a motion to dismiss.  On June 4, 2013, Ms. Meyer filed with

6    the Court a document entitled "Request for Jury Trial and to be Allowed My Sixth Amendment

7    Rights."  (*See* Declaration of Innocent Defendant Julie Meyer ISO [sic] Defendant's Motion for

8    Review of Clerk's Taxation of Costs ("Def.'s Decl.") Ex. E.)  On June 14, 2013, the day its response

9    was due, UHS filed a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1).

10       Ms. Meyer now moves to vacate UHS's voluntary dismissal.  Ms. Meyer also moves the

11   Court to review the Clerk's taxation of costs.

12       The Court shall address additional facts as necessary to its analysis in the remainder of this

13   Order.

14                                   **ANALYSIS**

15   **A.    Motion to Vacate Voluntary Dismissal.**

16           **1.    Legal Standard Applicable to Voluntary Dismissal.**

17       Rule 41(a)(1) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an

18   action, without court approval, by filing a notice of dismissal before the opposing party serves either

19   an answer or a motion for summary judgment.  A plaintiff's right to utilize Rule 41(a)(1) is absolute.

20   *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  "This 'absolute right' for a plaintiff

21   voluntarily to dismiss an action when the defendant has not yet served an answer or a summary

22   judgment motion leaves no role for the court to play."  *Am. Soccer Co. v. Score First Enters.*, 187

23   F.3d 1108, 110 (9th Cir. 1999).  Moreover, the language of the Rule is specific: unless the defendant

24   has actually served an answer or a summary judgment motion, the plaintiff is free to dismiss the case

25   simply by filing a notice of dismissal.  *Wilson*, 111 F.3d at 692 n.5 ("The distinction between

26   "service" and "filing" in the context of Rule 41 is significant."); *see also Lockary v. Kayfetz*, 917

27   F.2d 1150, 1157 (9th Cir. 1990) (holding that a defendant was properly dismissed under Rule 41(a)

28   where the defendant failed to serve the plaintiffs with his answer).  Accordingly, if a plaintiff files a

Rule 41(a)(1) notice of dismissal before being served with a defendant's answer, regardless of whether the answer was filed, the action is automatically terminated. *Wilson*, 11 F.3d at 692.

Ms. Meyer moves to vacate UHS's notice of dismissal on two alternative bases. First, she claims that she served her answer on UHS, thus terminating its right to file a notice of dismissal under Rule 41(a)(1). (Defendant's Motion to Vacate Voluntary Dismissal ("Def.'s Mot.") at 4.) Alternatively, Ms. Meyer alleges that she filed and served an amended answer on June 4, 2013. (*Id.*) The Court shall address each argument in turn.

### 2. UHS Properly Dismissed This Action.

Ms. Meyer first contends that UHS could not properly dismiss this action under Rule 41(a)(1) because she served it with the answer she filed on April 17, 2013. (Def.'s Mot. at 4.) While it appears that Ms. Meyer did file an answer in response to UHS's complaint, there is no proof of service attached and no evidence in the record that UHS was ever served. Therefore, the Court cannot credit Ms. Meyer's contention that she served her April 17, 2013 answer on UHS.

Ms. Meyer next argues that, regardless of whether she initially served her answer on UHS, she filed an amended answer on June 4, 2013, ten days prior to UHS's notice of dismissal, thus precluding UHS from voluntarily dismissing the action under Rule 41(a)(1). (*Id.*) She contends that, although this filing was titled "Request for Jury Trial and to be Allowed My Sixth Amendment Rights," she intended the document to be an amended answer. (*Id.*)

Rule 8 of the Federal Rules of Civil Procedure governs the form of pleadings. Under Rule 8(b), an answer must state the answering party's defenses, and admit or deny each allegation in the complaint. Fed. R. Civ. P. 8(b)(1)(A)-(B). Although Ms. Meyer claims she intended her June 4, 2013 filing to be an amended answer, it fails to state her defenses and it does not fairly address the complaint's allegations. (*See* Def.'s Decl. Ex. E.) Thus, Ms. Meyer's June 4, 2013 filing cannot be characterized as an answer.

Accordingly, the Court finds that Ms. Meyer never served UHS with an answer in this case, and therefore UHS properly dismissed the case. *See Wilson*, 11 F.3d at 692. Therefore, the Court DENIES Ms. Meyer's motion to vacate the dismissal.

///

**B.      Motion to Review Clerk's Taxation of Costs.**

      **1.      Legal Standard Applicable to Review of Taxation of Costs.**

Under 28 United States Code § 1920, a judge or clerk of the court may tax costs for the following expenses:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.*  Before a party can be awarded costs, she must prove that each item claimed "is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.  In this District, Local Rule 54 specifically enumerates the standards that must be met before costs are recoverable.  Importantly, the Court is not empowered to exceed the limitations set forth in § 1920, instead it has "solely a power to decline to tax, as costs, the items enumerated in § 1920." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

Federal Rule of Civil Procedure 54(d) creates a presumption that costs will be awarded to the prevailing party, and places the burden on the losing party to demonstrate why costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  However, the party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, Nos. C 08–4575 SI, C 09–1437 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (quoting *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002)).

When a party seeks review of the Clerk's taxation of costs, the Court reviews the Clerk's determination de novo. *Lopez v. San Francisco Unified Sch. Dist.*,  385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005).

*///*

**2.     The Claimed Costs Are Not Recoverable.**

Ms. Meyer asks the Court to review the Clerk's denial of the costs she claims, a total amount of $242.98.  (Verification of Bill of Costs at 5.)  Specifically, Ms. Meyer claims charges of $1.96 for printing her initial disclosures, $3.26 for printing her Request for Jury Trial filing, $0.26 for printing her response to UHS's opposition to her motion to dismiss, $15.00 for courier delivery of her motion to dismiss, and $222.50 that Ms. Meyer was allegedly charged in a small claims action against UHS. (*Id.* at 4-5.)  The Court will address each claimed cost in turn.

First, Ms. Meyer seeks recovery of $1.96 for printing her initial disclosures.  The documentation provided is for printing of fifteen pages of material, incurred on June 2, 2013. (Def.'s Decl. Ex. J.)  However, Ms. Meyer's initial disclosures were only four pages long and are dated July 1, 2013.  (Declaration of Peter D. Urias in Support of United Healthcare Services, Inc.'s Opposition to Defendant's Motion for Review of Clerk's Taxation of Costs ("Urias Decl.") Ex. A, at 3.)  Therefore, Ms. Meyer cannot recover for the printing of her initial disclosures because her costs are not correctly stated and are not supported by appropriate documentation. *See* Civil L.R. 54-1(a).

Second, Ms. Meyer seeks recovery of $3.26 for printing her Request for Jury Trial.  As documentation, she attaches a receipt for the printing of twenty-five pages, dated June 2, 2013. (Def.'s Decl. Ex. J.)  However, the document bears a typewritten date of June 3, 2013, the day after the claimed printing.  (*Id.* Ex. E.)  Moreover, the document is only four pages long, not twenty-five pages as indicated by the accompanying receipt.  (*Id.*)  Finally, Ms. Meyer printed and filed this document after she had already filed her motion to dismiss, making this an unnecessary expense. Therefore, Ms. Meyer cannot recover for the printing of her Request for Jury Trial because the costs are not correctly stated, they are not supported by appropriate documentation, and they were not necessarily incurred. *See* Civil L.R. 54-1(a).

Third, Ms. Meyer seeks recovery of $0.26 for printing her reply to UHS's anticipated opposition to her motion to dismiss.  As documentation, she attaches a receipt for the printing of two pages, dated June 8, 2013.  (Def.'s Decl. Ex. J.)  However, UHS filed its notice of dismissal on June 14, 2013, and Ms. Meyer's reply was not due until June 21, 2013.  Therefore, Ms. Meyer cannot recover for the printing of her reply, because the expense was not necessarily incurred.  *See* Civil

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1   L.R. 54-1(a).

2          Fourth, Ms. Meyer seeks recovery of $15.00 for courier delivery of her motion to dismiss.

3   Courier delivery of a motion is not one of the enumerated categories of recoverable costs in § 1920,

4   and therefore the Court cannot award this cost to Ms. Meyer.  *See Crawford Fitting*, 482 U.S. at 442.

5          Finally, Ms. Meyer seeks recovery of $222.50 arising out of an unrelated civil matter.

6   Again, this expense is not enumerated in § 1920, and therefore the Court has no discretion to award

7   recovery to Ms. Meyer.  *Id.*

8          Accordingly, the Court DENIES Ms. Meyer's motion to review the Clerk's taxation of costs.

9

10                                   **CONCLUSION**

11         For the foregoing reasons, the Court DENIES Defendant's motion to vacate dismissal.  The

12   Court further DENIES Defendant's motion for review of Clerk's taxation of costs.

13

14         **IT IS SO ORDERED.**

15

16

17

18   Dated: September 24, 2013                    _____

19                                                JEFFREY S. WHITE
                                                  UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28

6

1

2                          UNITED STATES DISTRICT COURT

3                                      FOR THE

4                        NORTHERN DISTRICT OF CALIFORNIA

5

6

7   UNITED HEALTHCARE,                        Case Number: CV12-06197 JSW

                 Plaintiff,
8                                             **CERTIFICATE OF SERVICE**

9      v.

10  JULIE MEYER et al,

                 Defendant.
11  _____/

12

13  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
    District Court, Northern District of California.

14  That on September 24, 2013, I SERVED a true and correct copy(ies) of the attached, by
    placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter
15  listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an
    inter-office delivery receptacle located in the Clerk's office.

16

17

18  Julie Meyer
    5100 B1 Clayton Road #325
19  Concord, CA 94521

20

21  Dated: September 24, 2013

22                                            Richard W. Wieking, Clerk
                                              By: Jennifer Ottolini, Deputy Clerk
23

24

25

26

27

28

United States District Court
For the Northern District of California